HAMITER, Justice.
In these two petitory actions, tried together in the district court and docketed here under one number, some of the children and other descendants of John E. Holloway and his wife Julie Everett Holloway, both of whom died intestate, seek to recover fractional interests in 200 acres of land described as SE1/^ of Section 35, and NWy¿ of SWj4 of Section 36, all in Township 23 North, Range 12 West, Bossier Parish, which was acquired by the said John E. Holloway during the existence of the community with his named wife and was possessed by him at the time of his death in 1914.
Impleaded as defendants were other de- ■ scendants of the same marriage, they being plaintiffs’ brothers, Jesse and Tillman Hol- • loway, and the heirs of a deceased brother, Frank Holloway, -all of whom are now, and have been for many years, in possession of the entire property under a record title. Cited also were the Union Producing Company and H. H. Beck, the holders of oil, gas and mineral leases executed by such defendants..
In their petitions plaintiffs made no direct attack on defendants’ title. They alleged merely that they acquired the claimed fractional interests by inheritance as forced heirs of John E. and Julie Everett Holloway, and that the defendants are in possession of the property without title and right thereto. They prayed for judgment recognizing them as owners of such interests and ordering defendants to render an accounting for a pro rata portion of all revenues and monies collected from the property.
Answering, defendants denied that plaintiffs have rights in and to the property, averring that any interests inherited have long since been divested; they set out the chain of title under which ownership is asserted and possession held; and they pleaded specially numerous prescriptions, both acquisitive and liberative.
At the trial plaintiffs rested, except for rebuttal, after proving that they are forced .heirs of decedents, John E. and Julie Everett Holloway (the former died in 1914 and the. latter predeceased him), and that the property in controversy belonged to the' community of acquets and gains that existed between their named ancestors.
■ Defendants, in proof of the averments . of their answer, introduced documentary evidence of their title which included the following:
1. Sale of one-half interest in the lands from John E. Holloway to W. E. Holloway (one of the plaintiffs), of date August 12, 1913, the recited consideration being a $500 mortgage note of the vendee.
*880 2. Sale of the same one-half interest from W. E. Holloway to the "Succession of J. E. Holloway, Reuben Holloway, Administrator”, of date October 10, 1914, the recited consideration being the return of the above mentioned $500 mortgage note.
3. Administrator’s sale at public auction on January 4, 1915 of all of the land involved herein to R. F. Holloway (Administrator of the Succession of John E. Holloway, deceased) for the use and benefit of the minors Jesse, Tillman and Frank Holloway (Jesse, Tillman and the heirs of Frank Holloway are the defendants in these suits).
4. Tax sale to A. J. Murff, dated June 5, 1915, for unpaid taxes of 1914 under an assessment to W. E. Holloway, of a one-half interest in the land.
5. Tax sale to A. J. Murff, dated June 5, 1915, for unpaid taxes of 1914 under an assessment to Estate of J. E. Holloway, of a one-half interest in the land.
6. Quitclaim and conveyance, dated June 19, 1918, by A. J. Murff to Jesse, Tillman and Frank Holloway (ás aforestated Jesse, Tillman and the heirs of Frank Holloway are the defendants herein), covering all of vendors’ rights and title to the en-1ire property in controversy.
Defendants also, during the trial, introduced evidence (both documentary and parol) to prove that from and after 1918 Jesse, Tillman and Frank Holloway (the latter’s heirs after his death) dealt with the entire property as belonging exclusively to-them -by annually paying all taxes, and by executing numerous oil and gas leases,, timber and mineral deeds, a right of way grant, and other instruments. Additionally,, they proved that since 1922 all of the land has been in their possession.
Following the introduction of defendants’ evidence one of the plaintiffs (W. E. Holloway) took the stand as a witness, in rebuttal and was propounded a question to which defense counsel objected. The-objection was predicated on numerous-grounds, some of which were that the testimony sought to be elicited (1) would enlarge the pleadings, (2) was an attempt tO' prove title to real estate .by parol evidence, and (3) was not rebuttal testimony and' should have been offered in chief. On the-entering of the objection plaintiffs’ counsel explained that “The purpose is to show-acknowledgments and admissions by the-three defendants, Jesse, Tillman and' Frank.” After considerable discussion among -counsel and the court (all of which-is not shown by the record) the evidence was excluded. To the ruling, thereupon,, plaintiffs’ counsel noted:
“I want to reserve a bill * * * to the exclusion of the parol testimony that was offered to show the admissions, and statements that the property was being held in trust, and that payment had been made to Walter E. Holloway of a portion of the revenues,, and to Olen Holloway of a portion of. *882 the revenues, and admissions and statements by Frank Holloway that the property was ‘being held in trust.”
After submission of the cases the court rendered judgments, in favor of defendants. It sustained the pleas of prescription of 10 years acquirendi causa and of 30 years filed under LSA-C.C. Article 1030; it ordered that defendants be recognized •as the owners of the land in controversy, •and be maintained in the possession there■of, subject to the oil, gas and mineral leases ■of Union Producing Company and H. H. Beck; and it decreed that the demands of plaintiffs be rejected and their suits dismissed.
From the judgments plaintiffs appealed. Defendants have answered the appeals praying that all of their defenses and pleas urged in the district court be maintained and that the judgments be affirmed. Additionally, defendants filed here pleas of prescription of 10 years under LSA-C.C. Article 2221 and of estoppel based on long silence, inaction and acquiescence of plaintiffs.
Appellants’ primary complaint here is that the district judge should not have excluded the testimony of W.' E. Holloway offered in rebuttal to show acknowledgments and admissions by the three possessors (Jesse, Tillman and Frank Holloway) that the property was being held in trust. In this connection their counsel, in brief, state:
“The only way the plaintiffs could show the suspension, interruption or inapplicability of any plea of prescription is both by parol testimony and documentary evidence. The plaintiffs offered to show that the defendants had made certain admissions • and statements that the property was held in common or trust by all the heirs. This evidence was objected to for the reason that it was an attempt to prove title to real estate by parol, and for the above reasons shown in the above quoted record. * * *”
It may be that the parol evidence thus excluded was admissible for the restricted purpose of rebutting defendants’ pleas of 10 and 30 years prescription acquirendi causa, as being an attempt to show that defendants were not possessing as owners to the exclusion of all others, although it clearly was inadmissible for establishing title in plaintiffs. However, had the witness been permitted to give the testimony we seriously doubt that it would have justified a different result with respect to the mentioned prescription pleas. In the first place very likely he would not have said that the admissions and acknowledgments were made to him, for previously on cross examination he had testified as follows:
“Q. Did you know that Jesse, Tillman and Frank were claiming the outright ownership of it? A. Well, I *884 knew from what they told me that they had a right to it.
“Q. You never did, until the filing of this suit, question their ownership, did you? A. No, sir.”
This is in keeping with the testimony of Jesse and Tillman Holloway who stated emphatically that until the suit was instituted against them no one had made any claim to the property. It is significant also that during the discussion regarding the admissibility of the parol evidence in rebuttal the court stated to plaintiffs’ counsel: “You can ask him whethér he ever made any claims to the property or whether he ever tried to get possession of his part oif it.” Yet this permission was not availed of.
But be that as it may, and assuming arguendo. that the district court erred in sustaining the pleas of prescription of 10 years acquirendi causa and of 30 years under LSA-C.C. Article 1030, we are of the opinion that the judgments otherwise correctly recognized defendants as the owners of the property and dismissed plaintiffs’ suit.
It will be remembered that in 1915 all. of the land was sold at tax sale to A. J. Murff; and that in 1918, after the time for redemption had elapsed, he conveyed ■ and quit claimed it to Jesse, Tillman and Frank Holloway. These transactions are evidenced ■ by instruments which, on their faces, appear to be genuine, regular and translative of complete title. True, no one was in actual possession of the property between 1915 and 1922. However, in the latter year'Jesse, Tillman and Frank Holloway farmed the land through a tenant, and since then they or their heirs have enjoyed continuously either actual or constructive possession thereof. Among their several other acts signifying actual possession were sales of all merchantable timber that was cut off the whole tract on at least two occasions, one in 1925 and another in 1942.
But it is argued by plaintiffs’ counsel that the tax sales were fraudulent simulations; that the quitclaim was of the same character or, at best, a redemption deed; and that the district judge erred in not permitting plaintiffs to show in rebuttal, by parol and other evidence, that they were fraudulently confected. We do not find that the evidence excluded was offered for that purpose or that it had any bearing on the. question of fraud; certainly such is not so revealed by the several statements of counsel made in connection with the offering. In no place in the record, in fact, does it appear that plaintiffs sought to show collusion by or among the parties to the tax sales and quitclaim deed.
Obviously, the quitclaim deed was not a redemption instrument, for when executed the period for redeeming the property had expired.
The contention might be made that applicable to the transactions under con *886 sideration was the equitable doctrine, announced in some decisions of this court, that a purchase by one owner of joint property for delinquent taxes amounts to a payment of the taxes and inures to the benefit of all the co-owners. Even if the doctrine be applicable (as to' this we entertain doubt, for the tax purchaser here was not a co-owner) it cannot now be successfully invoked by these plaintiffs in view of their failure to make any claim or discharge any duties with respect to the property for more than 30 years, during most of which period the defendants have exercised, as above shown, various rights of full ownership and have paid all taxes. The long inactivity and acquiescence of plaintiffs must be considered as amounting to a ratification of defendants’ acquisition; and, as a result, they have lost the right to assert that the purchase was for the account of all co-heirs. In Doiron v. Lock, Moore & Co., Limited, 165 La. 57, 115 So. 366, 367, the plaintiffs, because of long inactivity, were denied the privilege of benefitting from a tax purchase made by their co-owner (the defendant), the court holding, to quote from the syllabus of the case:
“Acquiescence by plaintiffs for more than 20 years ratified tax purchase by their co-owner, and they lost' fight to assert that he purchased at tax sale for benefit of all, suspending prescription, since they could not sleep on their rights, await developments to see whether property would grow in value or not, and then exercise rights or not according to event.”
For the reasons assigned the judgments appealed from are affirmed.