Chapman L. Sanford, Baton Rouge, for plaintiff-appellant.

Wilkinson, Lewis, Madison & Woods, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.

For the reasons assigned in Collector of Revenue v. Frost, 240 La. 165, 121 So.2d 731, the motion to dismiss the appeal is denied.

121 So.2d 734

Thomas Beauford JONES et al.

v.

Mrs. Gladys Mathilda JONES (Mrs. Henry Allen) (Mathilda Winding).

No. 44303.

June 29, 1960.

Kennon, White & Odom, Benton & Moseley, Baton Rouge, for plaintiffs-appellants.

Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for defendant-appellee.

VIOSCA, Justice.

This is an appeal from a judgment of the district court dismissing a partition suit.

Plaintiffs were co-owners in indivision with defendant of the property bearing municipal number 1614 Pruyn Street in Baton Rouge. The property was sold at tax sale on July 20, 1931 for delinquent taxes for the year 1930, assessed in the name of Mrs. Mathilda Jones, ancestor in title of plaintiffs and defendant, to Fred A. Blanche, who was neither a representative of any of the co-owners nor an interposed party. On July 3, 1934, after the expiration of the period of redemption,[1] defendant purchased the property from Blanche for a consideration of $1,000, which it is not disputed was the fair market value of the property.

Relying on the equitable doctrine that where a co-owner of property purchases the property at a tax sale, the purchase inures to the benefit of all of the co-owners and does not operate to divest the other co-owners of their interests,[2] plaintiffs contend that the purchase of the property by defendant from Blanche inured to their benefit and that they are still co-owners of the property.

Plaintiffs rely on Duson v. Roos, 123 La. 835, 49 So. 590, 592, where in considering a somewhat similar situation and where the equitable doctrine here invoked was likewise relied upon, we said, speaking through Justice Provosty:

"The doctrine here invoked is the same which has heretofore been enforced by this court in cases where the co-owner had bought directly at

---

1. The period of redemption at the time of this tax sale was one year under Article X, Section 11 of the Constitution of 1921, LSA.

2. Counsel for appellants in their brief have cited the many cases enunciating this well established doctrine. A review of the principal cases will be found in our opinion in Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481.

the tax sale. Hake v. Lee, 106 La. 482, 31 South. 54; Levy v. Levy, 107 La. 589, 32 South. 117; Bossier v. Herwig, 112 La. 545, 36 South. 557. And the majority of the court are of the opinion that this doctrine is equally applicable to a case like the present, where the purchase was not directly at the tax sale, but from the purchaser at the tax sale. The writer of this opinion defers to the judgment of his colleagues in the matter, but questions very much whether this doctrine should be enforced under the peculiar circumstances of this case where the purchasing co-owners were not in possession of the property during any part of the time during which the tax should have been paid, and did not at any time occupy any special relation towards it or towards their co-owners such as could give rise to a trust, and did not for any reason owe any greater duty to pay the tax than their co-owners did, where, in other words, the sole and exclusive relation between them and their former co-owners or between them and the common property was the bare and naked fact of the co-ownership."

In the recent case of Holloway v. Holloway, 221 La. 875, 60 So.2d 468, 472, where the property was adjudicated at tax sale to a third person who after the ex-piration of the redemption period executed a quitclaim deed in favor of some of the former co-owners, we said:

"The contention might be made that applicable to the transactions under consideration was the equitable doctrine, announced in some decisions of this court, that a purchase by one owner of joint property for delinquent taxes amounts to a payment of the taxes and inures to the benefit of all of the co-owners. Even if the doctrine be applicable (as to this we entertain doubt, for the tax purchaser here was not a co-owner) it cannot now be successfully invoked by these plaintiffs in view of their failure to make any claim or discharge any duties with respect to the property for more than 30 years, during most of which period the defendants have exercised, as above shown, various rights of full ownership and have paid all taxes. * * *"

In the instant case there is no evidence of any collusion or fraud. The tax purchaser was not the agent or representative of any of the co-owners. He was not an interposed party. He sold the property after the expiration of the period of redemption at its fair market value to one of the former co-owners, who was not in possession of the property at the time the taxes were due and was not in a position

of trust with respect to her former co-owners.[3]

 In our opinion the equitable doctrine invoked by plaintiffs has no application here. Where a former co-owner purchases property at its market value after the expiration of the redemption period from a third person, adjudicatee at a tax sale, who is neither an interposed party nor an agent of the co-owner and there is no trust relationship or fraud or collusion, such purchase does not inure to the benefit of the former co-owners. Insofar as Duson v. Roos, supra, conflicts with the views here expressed, it is overruled.

 Alternatively, plaintiffs argue that the tax sale was a nullity because notice was not served on the co-owners. That issue is not raised by the pleadings and was argued for the first time on motion for new trial in the district court. However, the argument is without merit. Defendant has been in possession of the property since she purchased it in 1934. If defendant's purchase of the property from Blanche did not inure to the benefit of the former co-owners, neither did her possession of the

property inure to their benefit. The peremptive period has therefore long since expired.[4]

For the reasons assigned the judgment of the district court is affirmed at appellants' cost.

HAWTHORNE, J., absent.

---

3. There is a dispute over whether the defendant in purchasing this property from Blanche did so with the intention of acquiring it as a "homestead" for her family or whether as the district judge found she "had nothing other in view than becoming the sole owner of this property, though because of her expressed love for her brothers and sisters and a sentimental feeling in regard to

the property, she wanted it always to be a home to which they would be welcome." From our review of the record, we cannot say that the district judge erred in resolving this question in favor of defendant.

4. This suit was not filed until December 20, 1956, and as previously pointed out in this opinion, does not contain a demand for an annullment of the tax sale.