HALL, Judge.
These consolidated suits originated as possessory actions and were converted into petitory actions. From summary judgments recognizing the intervenors who asserted the petitory actions as the owners of the property in dispute, the original plaintiffs who are defendants in the petitory actions appealed. We reverse the judgment of the district court and remand the suits for further proceedings.
Herbert Reeves Woodell, Herbert Reeves Woodell, Jr., Robert Woodelh-and W. B. Woodell, filed a possessory action against defendant, Virl Roberts, alleging their possession as owners of a tract of land in Caddo Parish for more than a year prior to a disturbance of their peaceful possession by Roberts’ filing of an eviction suit against them. Subsequently, Herbert Reeves Woodell and Herbert Reeves Woodell, Jr. filed a similar possessory action.
William M. Rudersdorf, Miss Stella Rudersdorf and Mrs. Lena Rudersdorf Oualline intervened, joining the defendant Roberts in resisting the demands of the original plaintiffs, and converting the action into a petitory action in' accordance with LSA-C.C.P. Art. 3657. The Ruders-dorfs alleged their ownership of the property by a regular chain of title originating with a patent' from the United States of America and prayed for recognition of their ownership of the property.
In the suit originally filed by the four Woodells, an answer to the petitory action was filed generally denying intervenors’ allegations and alternatively pleading acquisitive prescription of thirty years based on adverse possession of the property by the Woodells for a period in excess of thirty *854 years. Subsequently, in the same suit a de-clinatory exception of lis pendens was sustained as to Herbert Reeves Woodell and Herbert Reeves Woodell, Jr., based on a possessory action asserted by them as a re-conventional demand in the eviction suit brought against them by Roberts. No formal judgment sustaining the exception and dismissing the suit as to these plaintiffs was ever signed and they have continued to appear as parties to this suit in subsequent pleadings and in the summary judgment ultimately rendered.
In the other suit originally brought by Herbert Reeves Woodell and Herbert Reeves Woodell, Jr., an answer to the petition of intervention was filed generally denying the allegations of that petition. The answer filed in this suit did not plead acquisitive prescription.
Peremptory exceptions of no cause of action and nonjoinder of indispensable parties and motions to strike were filed by the Woodells in both suits and remain undis-posed of.
Motions for summary judgment were filed by the Rudersdorfs and Roberts. It is alleged in the motions for summary judgment that intervenors are the only children of William Rudersdorf who acquired the property in dispute by patent from the United States Government; that William Rudersdorf died in 1907 leaving the property to his widow, Annie L. Ru-dersdorf, who by deed conveyed the property to intervenors in 1939; and that inter-venors are the record owners of the property. It is further alleged that in 1949 in-tervenors employed an attorney to clear up the status of numerous persons living on the property; that pursuant to negotiations an instrument was executed by Wilburn B. Woodell and others acknowledging the property was owned by the Rudersdorfs and that they did not occupy any portion of the property as owners thereof; that as a further result of negotiations the Ruders-dorfs granted a twenty year lease of part of the property to Oliver Woodell and his son Herbert Reeves Woodell in which the lessees acknowledged they had no claim to the property except under the lease; that the original plaintiffs are the sons or grandsons of Oliver Woodell; and that Robert Woodell and H. R. Woodell, Jr. are the sons of H. R. Woodell and are less than forty years of age and could not have possessed the property as owners for thirty years. In support of the allegations contained in the motion there are attached thereto a copy of what purports to be a patent from the United States Government to William Rudersdorf; a copy of Ruders-dorfs will by which he left all of his property to his wife, which will was probated in Caddo Parish; a copy of the deed from the widow to the three Rudersdorf children conveying an undivided one-half interest in the property in dispute; an affidavit by Virl Roberts showing he leased the property from the Rudersdorfs in 1973; a copy of the lease from the Rudersdorfs to Roberts; an affidavit by the attorney who procured the instruments signed by the Woodells; the original of the disclaimer signed by Wilburn B. Woodell in 1949; and a certified copy of the lease purported to be signed by H. R. Woodell and Oliver Woodell in 1949.
In opposition to the motion for summary judgment, the Woodells filed counter-affidavits: (1) by Mrs. H. R. Woodell, stating that she and her husband have occupied the property since January, 1934, and that Lee Oliver Woodell occupied the land for approximately twenty years prior to that date; that Lee Oliver Woodell continued to fish, hunt and graze cattle on the land occupying a cabin on the lake side until 1949; that she is familiar with the signature of Lee Oliver Woodell and the signature on the lease does not appear to be his signature; and (2) by H. R. Woodell stating that he believes the signature of his father Lee Oliver Woodell is not authentic; that from 1914 to 1946 his father occupied the land in question as owner and was in possession at least thirty years prior to 1949 and that there are other heirs of Lee Oliver Woodell not parties to the action; and that since 1914 there has been evidence *855 of open possession of the property by the Woodells.
The issues posed by these lawsuits include whether the Rudersdorfs have a perfect record title, the nature and extent of possession of the property by various members of the Woodell family, and the authenticity and effect of the instruments allegedly signed by various members of the Woodell family. There appear to he disputed facts bearing on each of these issues.
The pleadings, motion for summary judgment with attachments and the counter-affidavits disclose on their faces several genuine issues of material fact. For example, relative to the Rudersdorfs’ record title, the copy of the patent attached to the motion does not appear to be certified or authenticated by any official of the United States Government. The documents attached to the motion show that William Rudersdorf, the patentee, bequeathed all of his property to his widow but the deed from the widow to the children only conveys an undivided one-half interest.
Relative to the Woodells’ plea of acquisitive prescription, the counter-affidavits claim possession as owner by Lee Oliver Woodell for more than thirty years prior to 1949 and continued possession as owners by some members of the Woodell family before and after that date until the present time — facts which the Rudersdorfs dispute. The Rudersdorfs rely in part on the lease purportedly executed by Oliver Woodell but the counter-affidavits question the authenticity of Oliver Woodell’s signature on the lease. Nothing in the record shows when Oliver Woodell died, whether he died testate or intestate, or who his heirs were —-all of which may be material facts. Although the motion for summary judgment alleges the relationship of the Woodell plaintiffs to Oliver Woodell and the ages of two of the plaintiffs, these allegations are not verified or supported by affidavits.
The instruments executed by H. R. Woodell and Wilburn Woodell (the counter-affidavits do not dispute their authenticity) may amount to an interruption or renunciation of prescription, or may be strong evidence that their possession was not as owners, thereby defeating their plea of acquisitive prescription. However, we cannot so conclude as a matter of law on the faces of the instruments alone. The effect of the instruments must be viewed in the light of surrounding facts and circumstances, which facts are either in dispute or not revealed by the record as presently constituted.
On the record as made up at this point, it cannot be said that there are no genuine issues as to material facts or that the Ru-dersdorfs are entitled to judgment as a matter of law. The motions for summary judgment should have been denied.
For the reasons assigned, we reverse the judgments of the district court, overrule the motions for summary judgment, and remand these actions to the district court for further proceedings in accordance with law. Costs of the appeals are assessed to appellees.
Reversed and remanded.