329 So.2d 858 (1976)
Herbert Reeves WOODELL et al.
v.
Virl ROBERTS (two cases).
Nos. 12850 and 12851.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
Rehearing Denied April 19, 1976.
Writ Refused June 15, 1976.
*859 Mecom, Scott & Woods by B. J. Woods, Goodwin & Lee by John D. Goodwin, Shreveport, for plaintiffs-appellants.
R. Clyde Lawton, Jr., Vivian, for defendant-appellee and intervenors-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied April 19, 1976.
MARVIN, Judge.
These consolidated cases began as possessory actions and were converted into petitory actions. After remand from this court [304 So.2d 853] and from judgments dismissing demands of plaintiffs and recognizing intervenors as owners of the property in dispute, Herbert Reeves Woodell appeals. We affirm the judgment of the lower court.
This case was previously before this court on an appeal from summary judgments recognizing intervenors' ownership of the disputed property. We reversed and remanded for further proceedings because the case presented genuine issues of material fact. See Woodell v. Roberts, 304 So.2d 853 (La.App.2d Civ. 1974). There we stated the posture of the case in this language:
"Herbert Reeves Woodell, Herbert Reeves Woodell, Jr., Robert Woodell and *860 W. B. Woodell, filed a possessory action against defendant, Virl Roberts, alleging their possession as owners of a tract of land in Caddo Parish for more than a year prior to a disturbance of their peaceful possession by Roberts' filing of an eviction suit against them. Subsequently, Herbert Reeves Woodell and Herbert Reeves Woodell, Jr. filed a similar possessory action.
"William M. Rudersdorf, Miss Stella Rudersdorf and Mrs. Lena Rudersdorf Oualline intervened, joining the defendant Roberts in resisting the demands of the original plaintiffs, and converting the action into a petitory action in accordance with LSA-C.C.P. Art. 3657. The Rudersdorfs alleged their ownership of the property by a regular chain of title originating with a patent from the United States of America and prayed for recognition of their ownership of the property."
The Woodells alternatively pleaded the acquisitive prescription of thirty years based on their adverse possession of the property for a period in excess of thirty years.
When intervenors converted plaintiffs' possessory action to a petitory action, plaintiffs' possession of the property was judicially confessed. LSA-C.C.P. Art. 3657. It became incumbent upon intervenors to prove valid record title good as against the world without regard to the title of the plaintiffs. See LSA-C.C.P. Arts. 3653, 3654 and Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974).
On October 21, 1898, William Rudersdorf, father of intervenors, was the patentee under a homestead grant of property described as:
NE/4 of NW/4; S/2 of NW/4 and fractional SW/4 of Section 11, T. 20 North, Range 16 West.
The patent was recorded on February 4, 1904.
William Rudersdorf died on December 30, 1907, survived by a widow, Mrs. Annie Rudersdorf, and three children, William M. Rudersdorf, Stella Rudersdorf, and Mrs. Lena Rudersdorf Oualline, intervenors herein. William Rudersdorf executed in Harris County, Texas, a last will and testament bequeathing "all real estate" to his wife, Annie Rudersdorf, and naming her executrix of his estate. As executrix, Mrs. Rudersdorf listed the patented property which is now in dispute as community property acquired during her marriage.
William Rudersdorf's widow married James Barry in 1910 [1]. Following probate in Texas of William Rudersdorf's will, the First District Court of Caddo Parish, on the widow's petition, ordered the will approved, registered, and executed on July 5, 1911.
Expressly recognizing that the disposition in William Rudersdorf's will of all real estate to his widow was subject to reduction under Louisiana law of forced heirship, the widow and forced heirs entered into a partition agreement whereby the widow received an undivided one-half interest in the property and the three forced heirs each received an undivided one-sixth interest. The partition in authentic form was recorded in Caddo Parish on October 25, 1924.[2]
The Rudersdorfs, beginning in 1907, leased the property from time to time for *861 oil and gas purposes and in 1928 executed a five acre surface lease to the mineral lessee. In 1948, they granted a pipeline right of way and in 1949 they granted a surface lease, hereafter discussed, to Oliver Woodell and Herbert Reeves Woodell. In 1951, the Rudersdorfs granted another oil and gas lease on 80 acres of the property and in 1972 they granted a surface lease to one Virl Roberts, a production superindent of a company engaged in the drilling and operating of oil and gas wells. Ad valorem taxes on the property have been paid through the years by the Rudersdorfs, to whom the property is assessed.
Roberts, the production superintendent, testified that he had lived on the land since 1951 and that his company erected in 1949, and has since maintained, buildings and storage facilities on the property in connection with oil and gas wells which the company has drilled and operated on the property over the years. This occupancy, as well as that of others, was known to the Woodells. Oil and gas have been produced from the property in various quantities since discovery of the resource in this area (Caddo Lake) and royalties have been paid to the Rudersdorfs and not to the Woodells.
The Rudersdorfs have proved record title good as against the world, corporeal possession of parts of the property and civil possession of the whole. Pure Oil v. Skinner, supra. Possession of part of a larger tract is considered as possession of the whole unless adverse claimants prove adverse corporeal possession in themselves in a sufficient manner and for a sufficient period of time to establish prescriptive title. See our opinion of this date, Hanna v. Green, 329 So.2d 850 (La.App.2d Cir. 1976). Art. 3500, La.C.C., requires:
"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
La.C.C. Art. 3503, provides:
"How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it."
La.C.C. Art. 3510, states:
"Those who possess for others and not in their own name, can not prescribe, whatever may be the time of their possession.
"Thus, farmers, tenants, depositaries, usufructuaries and all those generally who hold by a precarious tenure and in the name of the owner, can not prescribe on the thing thus held."
The burden of proof is on the claimant in a particular case who relies on the plea of 30-year acquisitive prescription.
In 1949, the Rudersdorfs hired a Shreveport attorney with respect to the occupancy of various portions of the property by several persons and companies engaged in oil field work. Herbert Reeves Woodell admitted that he signed a lease instrument prepared by this attorney and would not deny [or acknowledge for that matter] that his father, Oliver Woodell had signed the instrument. This instrument affected not only 32 acres of the 161 acres, but the entirety of the property insofar as the claims of the signers as to possessory claims. The instrument was a 20-year lease for an annual rental of $10.00 per year. It provided in part:
"Lessors being owners of a tract of land in Caddo Parish, Louisiana containing about 161 acres, being more fully described as follows: NE/4 of NW/4, S/2 of NW/4, and fractional SW/4 of Sec. 11-T20N-R16W, Caddo Parish, Louisiana, *862 do hereby lease for surface and fishing rights only to lessees approximately 32 acres in the Southwest portion of said tract this part to be leased more fully described as follows:
* * * * * *
"No claim in being made by lessees to this or any other portion of said 161 acre tract except under this lease, nor shall any future action by lessees such as fencing or using this or any part of said 161 acre tract be made the basis of any claim, except under this lease." [sic]
The Shreveport attorney testified that he personally talked to both Herbert Reeves Woodell and Oliver Woodell and they specifically stated they did not own or claim to own the property. A copy of the lease instrument was given or sent to both Woodells by the attorney, Oliver Woodell's copy being sent by registered or certified mail with return receipt signed by Oliver Woodell. The Woodells did not request Roberts or Roberts' employer to remove themselves from any of the property when they moved on it in 1949-51.
Notwithstanding that the Woodells lived on a portion of the property since about 1914, the trial court found that the Woodells did not "hold themselves out" as owner of the property or possess in the capacity of owner. The record fully supports the trial court's findings.
The burden of proving facts essential to support a plea of 30-year acquisitive prescription was appellants' burden. The intent to possess as owner should not be, and in this case is not, inferred where the circumstances are insufficient to reasonably apprise the public and the record title owner that the possessor is unequivocably possessing under the intent of possessing as owner. La.C.C. Art. 3500. See also La.C.C. Arts. 3436, 3499 and 3503.
At appellants' cost, judgment below is
AFFIRMED.
NOTES
[1] A child of this union, Mrs. Ruth Barry Herring, by authentic act dated February 5, 1944, renounced her interest in the property after the death of her mother.
[2] We note that had the partition been executed in accordance with the codal authority governing reduction, Mrs. Barry would have been entitled to two-thirds of the property in question. The three forced heirs would have each been entitled to a one-ninth interest.