HALL, Judge.
Plaintiffs filed suit to partition a tract of land by licitation, claiming an interest in the property through inheritance from their parents, John and Ada Martin. The defendants are brothers and sisters of plaintiffs. The principal defendant is M. P. Martin, a brother who has record title to the property and who asserts that plaintiffs have no interest in it. The trial court rejected plaintiffs’ demands, and this appeal was taken. We affirm.
The disputed property originally was owned by John and Ada Martin as community property. They were divested of title to the property by virtue of an admittedly valid tax sale in 1921 for the nonpayment of 1920 taxes. L. T. Frey purchased the property at the tax sale and paid the taxes on it thereafter.
After the tax sale, the Martin family continued to reside on the property. Ada Martin died in 1924, and John Martin died in 1939. Plaintiffs have not lived on the property or exercised any possession of the property since 1926, but defendant M. P. Martin has resided on the property all of his life. Jasper Martin, a mentally incompetent brother of the parties, also occasionally lived on the property with M. P. Martin prior to his death in 1974. In 1973, defendant M. P. Martin purchased the property from the heirs of L. T. Frey by warranty deed for $8,000, payable on terms of credit at the rate of $67.50 per month.
Plaintiffs claim that they are coowners of the property through (1) inheritance and the subsequent reacquisition of the property by M. P. Martin, which plaintiffs claim inured to the benefit of all the coowners; and (2) acquisitive prescription of ten and/or thirty years exercised on their behalf by John Martin and/or defendant, who plaintiffs claim possessed as owner for the benefit of all of the heirs of John and Ada Martin.
Plaintiffs did not inherit any rights of ownership from John and Ada Martin because the property was not owned by the Martins at the time of their deaths, having been sold at tax sale prior to their deaths. Plaintiffs cannot rely on the equitable doctrine that where a coowner of property purchases the property at a tax sale or redeems property sold at tax sale, the purchase inures to the benefit of all the coowners. First, plaintiffs were not coown-ers of the property at the time of the tax sale. Second, defendant did not purchase the property at the sale. Third, plaintiffs were not coowners at the time defendant purchased the property from the Frey heirs. Fourth, the purchase by defendant was not a redemption of a tax sale, but was an outright purchase of property owned by others for his own account, long after the redemptive period had expired. The Supreme Court held in Jones v. Jones, 240 La. 174, 121 So.2d 734 (1960) that such a purchase does not inure to the benefit of the former coowners unless there is fraud, collusion, or a fiduciary relationship between the coowner acquiring the property and his former coowners. None of these elements was established by the evidence in this case. *336 Defendant’s acquisition of title, therefore, did not benefit plaintiffs.
Plaintiffs have also failed to prove that they gained an interest in the property through acquisitive prescription. They cannot claim the property under ten years prescription. The prescription of ten years requires that the possessor possess the property in good faith under a just title. LSA-C.C. Art. 3479. John Martin was divested of title to the property by the 1921 tax sale. He and his heirs were not possessors under a just title and could not acquire the property by possession of less than thirty years. Faulkner v. Rivers, 4 La.App. 61 (2d Cir. 1926).
Plaintiffs’ remaining claim to the property is that defendant, possessing for all of his brothers and sisters, acquired prescriptive title to the property by virtue of thirty years possession. It is undisputed that defendant resided on the property for over thirty years. However, LSA-C.C Art. 3500 requires that the thirty years possession must be public and unequivocal, and under the title of owner. The principal disputed fact in this action is whether defendant possessed as owner, tenant, or by sufferance of the Freys prior to his purchase of the property from the Frey heirs in 1973.
Defendant testified he did not possess the property as owner, because he realized the taxes had not been paid and that the property had been sold to Frey. His testimony indicates that he recognized Frey’s ownership. His purchase of the property from the Freys in 1973 was made because the Freys intended to sell the property, and if they had sold it to a third party he would have lost his home. We do not view the 1973 purchase as an attempt to prejudice his coheirs by acquisition of title for his own account. The fact that he bought the property in 1973 for a serious consideration is evidence that he did not consider himself to be the owner or that he had possessed as owner.
The Freys paid taxes on the property from the time of the tax sale to the time of the sale to defendant. L. T. Frey, Jr. testified his father had an agreement with John Martin and M. P. Martin that the Martins would take care of the property and in return could live on it without paying rent. Neither John nor M. P. Martin ever took any action to give notice to the Freys that they were possessing as owners rather than as tenants. The possession necessary to acquire property by thirty years prescription must be sufficient to apprise the public and the record owner of the claim of ownership. Woodell v. Roberts, 329 So.2d 858 (La.App. 2d Cir. 1976), writ refused 333 So.2d 248 (1976); Succession of Kemp v. Robertson, 316 So.2d 919 (La.App. 1st Cir. 1975), writ refused 320 So.2d 906 (1975). Plaintiffs failed to prove that defendant’s possession sufficed to apprise the record owner and the public of the ownership claim, and their demands must be rejected.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.