HALL, Judge.
Plaintiff, O. T. McCoy, claiming to be the record owner of an approximately 2lA acre tract of land on Lake Bistineau in Bienville Parish, Louisiana, brought this petitory action against defendant, Lloyd Toms, who was in possession of the property. Defendant answered denying plaintiff’s ownership and alleging defendant’s possession of the property. Defendant also filed a reconven-tional demand claiming ownership of the property by virtue of 30-years acquisitive prescription, alleging that he and a previous possessor from whom he had purchased the property had been in possession of the property for more than 30 years. Alternatively, defendant prayed that plaintiff be ordered to pay him the value of the improvements made on the property by defendant, should the court declare the property to be owned by the plaintiff.
After trial the district court, in a well-considered, written opinion, held that plaintiff had established record title to the property, that defendant and his predecessors had been in possession of the property for more than 30 years, that the defendant and his predecessors did not possess under deeds translative of title to any portion of the subject property, that the possession of defendant and his predecessors was not “as owner” and that defendant, who had been in possession for approximately 24 years, was not entitled to tack the possession of his predecessors in possession in order to *520 acquire by 30 years acquisitive prescription. The district court further held that the defendant’s possession was in legal bad faith and that plaintiff was entitled to elect whether to keep the improvements situated on the property and pay the owner their value and price of workmanship or to require their removal. Judgment was rendered recognizing plaintiff as the owner of the property. The judgment contained no provisions relative to the improvements. Defendant appealed. For reasons expressed in the district court’s opinion and in the opinion of this court, the judgment is modified relative to the improvements issue, and as modified, is affirmed.
On appeal defendant concedes that plaintiff is the record owner of the property but contends that the trial court erred in not finding that defendant is the owner of the property by virtue of 30-years acquisitive prescription and, specifically, that the trial court erred in finding that the defendant’s possession was precarious rather than as owner, that defendant was not entitled to tack the possession of his predecessors, and that defendant was a possessor in legal bad faith and not entitled to payment for the improvements on the property.
The property in dispute adjoins Lake Bis-tineau and all persons concerned with the property believed it to be owned by the State of Louisiana until a survey was made about two years before this suit was filed. The survey, revealed that the property is a part of Government Lot 7 which was owned by the Allums family from whom plaintiff acquired title.
In the 1940’s Joe Lewis built a camp on the property. In January 1950, on a cash sale deed form, Lewis conveyed to Paul J. McGowen and E. E. McGowen “That Certain Camp Site, situated on the State Owned Land”, acquired by him in 1944, and certain improvements situated thereon consisting of a boathouse and walk, fishing skiff, duck blind, three-room cinder block two-story house, furnishings, and a frame storeroom. The conveyance described the location of the property and stated that it is the intention of this sale to convey the house and furnishings, etc., “and it is understood that they are situated on Leased State Land.” In June 1954 Paul J. McGowen conveyed his interest to E. E. McGowen by an almost identical conveyance which recited that the campsite was situated on state owned land. In July 1954 E. E. McGowen executed an almost identical conveyance to the defendant, Lloyd Toms, the instrument reciting that the campsite was situated on state owned land.
The evidence established that the property was continuously and exclusively possessed by Lewis, the McGowens, and Toms from 1944 to the time of filing suit in 1978, a period of more than 30 years, being used first as a private fishing camp and then for many years as a commercial fishing camp and as Toms’ residence. The property was fenced, at least from the early 1950’s.
At trial it was conceded that the deeds did not purport to convey title to the land on which the campsite and improvements were situated. The improvements on the property were assessed to Toms on the tax rolls. Toms testified that until the property was surveyed and he was contacted by plaintiff’s lawyer, he believed that the land was owned by the state, and that he did not own the land. Toms further testified that he had told people this was state property and he acknowledged that the state could have moved him off the property but he did not think the state would bother him because most of the camps around Lake Bisti-neau were on state property.
The record also establishes that neither plaintiff nor his predecessors in title ever exercised any possession of or made any overt claim to the property prior to the time the survey was made about two years before the suit was filed.
The primary and determinative issue in this case is whether the defendant, and his predecessors if he is allowed to tack the possession of his predecessors to his own, possessed the property as owner or under the title of owner, a prerequisite established by the Civil Code for acquisition of immova-bles by acquisitive prescription of 30 years. Particularly pertinent to this issue are the *521 following Civil Code articles on possession and acquisitive prescription:
LSA-C.C. Art. 3436:
“Art. 3436. To be able to acquire possession of property, two distinct things are requisite:
“1. The intention of possessing as owner.
“2. The corporeal possession of the thing.”
LSA-C.C. Art. 3441:
“Art. 3441. Those who possess, not for themselves, but in the name of another, as farmers, depositaries and others who acknowledge an owner, can not acquire the legal possession, because, at the commencement of their possession, they had not the intention of possession for themselves but for another.”
LSA-C.C. Art. 3475:
“Art. 3475. Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not.”
LSA-C.C. Art. 3488:
“Art. 3488. As to the fact itself of possession, a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another.”
LSA-C.C. Art. 3489:
“Art. 3489. When a person’s possession commenced for another, it is supposed to continue always under the same title, unless there be proof to the contrary.”
LSA-C.C. Art. 3490:
“Art. 3490. The circumstances of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing.
“Thus, those who possess precariously, that is, by having prayed the master to let them have the possession, do not deprive him thereof, but, possessing by his consent, they possess for him.”
LSA-C.C. Art. 3499:
“Art. 3499. The ownership of immova-bles is prescribed for by thirty years without any need of title or possession in good faith.”
LSA-C.C. Art. 3500:
“Art, 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner.”
LSA-C.C. Art. 3510:
“Art. 3510. Those who possess for others and not in their own name, can not prescribe, whatever may be the time of their possession.
“Thus, farmers, tenants, depositaries, usufructuaries and all those generally who hold by a precarious tenure and in the name of the owner, can not prescribe on the thing thus held.”
LSA-C.C. Art. 3556-25:
“25. Precarious. — That possession is called precarious, which one enjoys by the leave of another, and during his pleasure.”
In order to acquire ownership of immovable property by 30-years acquisitive prescription, a possessor must establish not only that there has been corporeal possession of the property for the required period of time, but also that there was a positive intent to take and commence possession of the property as owner. Humble v. Dewey, 215 So.2d 378 (La.App. 3d Cir. 1968); Buckley v. Dumond, 156 So. 784 (La.App. 1st Cir. 1934); Harry Bourg Corporation v. Parfait, 199 So.2d 405 (La.App. 1st Cir. 1967); Harper v. Willis, 383 So.2d 1299 (La.App. 3d Cir. 1980); Matthews v. Carter, 138 So.2d 205 (La.App. 2d Cir. 1962); Woodell v. Roberts, 329 So.2d 858 (La.App. 2d Cir. 1976), writ refused 333 So.2d 248 (1976). See: 49 Tul.L.Rev. 1173 (1974-1975).
In this case the evidence consisting of the written documents and defendant’s own testimony establishes that the defendant and his predecessors in possession did not take and commence possession as owners, but to the contrary acknowledged from the outset ownership of the property in another party. The conveyance from Lewis to the McGowens refers to the property as *522 state owned land and as leased state land. The conveyance to the defendant refers to the property as state owned land. The conveyances do not purport to convey ownership of the land but only purport to convey ownership of the improvements situated on the land. Defendant testified he never considered himself as owner of the land but considered the land as being owned by the state. There was no positive intent on the part of defendant or his predecessors to possess the land as owner. It matters not that the land was actually owned by another private owner instead of the state. The important fact is that the defendant and his predecessors never intended to claim ownership or possess as owners.
The presumption of Civil Code Article 3488 that a person is presumed to have possessed as owner does not apply because in this case it appears that the possession of the defendant began in the name of another, even though the other party was not, in fact, the owner of the land. Under Civil Code Article 3441 possessors who acknowledge an owner cannot acquire the legal possession because at the commencement of their possession they did not have the intention of possessing for themselves.
Since the defendant has failed to establish possession as owner or under title of owner his claim to ownership of the property by virtue of 30-years acquisitive prescription must fail. This issue being determinative of the case, it is unnecessary for this court to consider the tacking issue.
The next issue to be considered is whether defendant is entitled to be paid for the constructions and improvements made on the property. The defendant’s right to be paid is dependent upon the nature of his possession, that is, good faith or bad faith, and proof by him of what reimbursement is due. The applicable Civil Code Articles in this area are as follows:[1]
LSA-C.C. Art. 508:
“Art. 508. When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.
“If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
“If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.
“Nevertheless, if the plantations, edifices or works have been made by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil.”
LSA-C.C. Art. 3450:
“Art. 3450. Although possession results frequently from a fact, and not from right, it nevertheless confers on the possessor certain rights with regard to the thing possessed, some of which are peculiar to the possessor in good faith, and the others are common to all possessors.”
LSA-C.C. Art. 3451:
“Art. 3451. The possessor in good faith is he who has just reason to believe himself the master of the thing which he *523 possesses, although he may not be in fact; as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another.”
LSA-C.C. Art. 3452:
“Art. 3452. The possessor in bad faith is he who possesses as master, but who assumes this quality, when he well knows that he has no title to the thing, or that his title is vicious and defective.”
The defendant in this case was not a possessor in good faith under Civil Code Article 3451 because he did not have just reason to believe himself the master of the thing which he possessed. He not only did not have just reason to so believe, but did not, in fact, so believe. He is a possessor in bad faith under Article 3452 because he well knew that he had no title to the property. See Levy v. Clemons, 3 So.2d 440 (La.App. 2d Cir. 1941); Guinea Realty Co. v. Battle, 1 So.2d 153 (La.App. 2d Cir. 1941); Vance v. Sentell, 178 La. 749, 152 So. 513 (1933).
Under Civil Code Article 508 the plaintiff-owner is entitled to keep the improvements or to compel their demolition at the expense of the defendant. If plaintiff does not require demolition he is bound to pay the value of the materials and of the workmanship of the improvements he has kept. In its written opinion the trial court gave plaintiff 30 days to make the election and reserved to the parties the right to offer additional evidence on the issue of value if the plaintiff elected to keep the improvements. This ruling was not, but should have been, incorporated into the judgment and we will amend the judgment accordingly.
The judgment appealed from is amended to provide that the plaintiff, O. T. McCoy, shall have thirty (30) days from the date this judgment becomes definitive to exercise the election and option provided by Civil Code Article 508. In the event any issues as to damages or value are not resolved between the parties, either party may institute further proceedings and offer additional evidence relative to this unresolved issue. As amended the judgment of the district court is affirmed and this action is remanded to the district court for any further proceedings as may become necessary or appropriate under the amended portion of the judgment as set forth above. Costs of the appeal are assessed to the defendant-appellant.
Amended, and as amended affirmed.

. The Civil Code articles on ownership were revised by Act 180 of 1979, effective January 1, 1980, after the events giving rise to the instant suit took place and after judgment was rendered in the district court. Improvements by a possessor are now governed by Articles 496 and 497.