415 So.2d 226 (1982)
Harvey T HAMMOND, et ux., Plaintiffs-Appellants,
v.
Henry Aster AVERETT, Jr., et al., Defendants-Appellees.
No. 14811.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
Smith & Hingle by Gilmer P. Hingle, Monroe, for plaintiffs-appellants.
Blaine Adkins, Monroe, for defendants-appellees.
Before MARVIN, JASPER E. JONES, and NORRIS, JJ.
MARVIN, Judge.
Plaintiffs appeal a judgment that rejected their demands in a possessory action to a 20 acre fenced tract on which they paid taxes for more than 30 years.
The dispositive issue is whether plaintiffs possessed as owners, quietly and without interruption, for more than one year before *227 they brought the action on August 1, 1979. Cole v. Martin, 343 So.2d 334 (La.App.2d Cir. 1977), writ refused; McCoy v. Toms, 384 So.2d 518 (La.App.2d Cir. 1980), writ denied; Jones v. Skannal, 368 So.2d 774 (La.App.2d Cir. 1979); Matthews v. Carter, 138 So.2d 205 (La.App.2d Cir. 1962). See also CCP 3658, 3659; La.C.C. 3488.
The 20 acres was ostensibly owned by plaintiffs' Uncle Henry, and was across the road from plaintiffs' homesite. Plaintiffs cared for Uncle Henry and notified his children when his health failed. About a month after his children removed him to Texas, Uncle Henry died in November 1944. Plaintiffs began their possession, gardening the tract and raising cattle, when Uncle Henry died. After a few years following Uncle Henry's death, plaintiffs had no contact with his heirs. Plaintiffs received the notices of and paid the annual ad valorem taxes on the property that was assessed to the H. A. Averett Estate, in care of Harvey Hammond, the co-plaintiff in this action. Defendants are the heirs of Uncle Henry.
A possessor whose possession begins other than as owner must do something to make generally known that he has changed his intent and he must prove specifically when he manifested to others his intent to possess as owner. Continued physical possession alone does not suffice to rebut the presumption that the possession remains precarious. CC Art. 3446. Jones, supra, 368 So.2d at p. 777. The character and notoriety of the possession must be sufficient to inform the public and the record owners of the possession as owner. See Cole, supra, 343 So.2d at p. 336, and McCoy, supra.
Substantial testimony of plaintiffs and of plaintiffs' witnesses support the conclusion that plaintiffs were paying the taxes in lieu of rent and that plaintiffs were simply "using" the land. When a real estate agent of the heirs visited the property in 1978, plaintiffs became disgruntled that the heirs had not paid them any respect or acknowledged what plaintiffs had done to maintain the property.[1]
After the visit by the agent, the plaintiffs did not contact the heirs or declare by their actions or their words that they had changed their intent and were possessing as owners. None of plaintiffs' witnesses testified that plaintiffs had been heard to claim that they possessed as owners. See Cole and McCoy, supra. In October 1978, the heirs of Uncle Henry opened his succession and placed of record a judgment putting them in possession of the 20 acres.
Under these circumstances, plaintiffs have not rebutted the CC 3446 presumption that their possession remained precarious. For reasons assigned below and summarized here, and at appellants' cost, judgment is
AFFIRMED.
NOTES
[1] The date of this visit is not readily determined. The real estate agent did not know, but thought that it occurred a few days after one of the heirs contacted him on July 10, 1978, about selling the property. Plaintiff Mr. Hammond did not know the date. Mrs. Hammond thought the visit was made in September when the garden was "dead". The evidence most favorable to plaintiffs is the agent's testimony that he understood from plaintiffs' conversation with him that plaintiffs "felt" that the heirs "owed" them something and that if anybody should "get" the property it should be plaintiffs.