471 So.2d 847 (1985)
Edward BOASE, et al, Plaintiffs-Appellees,
v.
A.V. EDMONSON, et al, Defendants-Appellants.
No. 17003-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
*848 Nelson, Hammons & Johnson by Sydney B. Nelson, Shreveport, for defendant-appellant, A.V. Edmonson.
Peters, Ward, Bright & Hennessy by Frank Bright, Shreveport, for plaintiffs-appellees, Joyce Hurdle Christensen, et al.
Peatross, Greer & Hayter by John O. Hayter, III, Shreveport, for plaintiffs-appellees, Christine Draper Smith, et al.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
SEXTON, Judge.
This concursus proceeding seeking to determine entitlement to the proceeds attributable to a royalty interest was filed by Edward F. Boase and others doing business as Boluvan, the mineral lessee of certain described property consisting of one hundred and fifty acres in rural Caddo parish near Vivian, Louisiana. Basically, two groups of claimants answered the concursus proceedings: (1) those deriving their title from George Washington and Frankie Ross Hurdle, hereinafter referred to as the Hurdle heirs, each of whom claimed an undivided interest in the property; (2) and A.V. Edmonson,[*] a granddaughter of George Washington and Frankie Ross, who answered the concursus proceeding, and filed a reconventional demand asserting sole ownership of the property by virtue of her purchase of the property from a third party tax sale purchaser, and her subsequent possession of the property. The trial court rejected Mrs. Edmonson's claim as *849 sole owner, holding that her purchase from the tax sale adjudicatee inured to the benefit of all of the co-heirs. Accordingly, judgment was rendered in favor of the Hurdle heirs in their respective percentages of entitlement to the funds deposited with the court. From this judgment, Mrs. Edmonson suspensively appeals. We affirm.
The facts pertinent to this litigation may be briefly stated. George Washington and Frankie Hurdle acquired the property in question by purchase during their marriage. Three sons were born issue of this marriage, George Ross, Theron, and Howard. Mr. Hurdle died intestate in 1919. At the time of Mrs. Hurdle's death in 1940, her three sons had predeceased her. She also made no testamentary disposition of her property. A.V. Edmonson was the daughter of Theron Hurdle. Mrs. Edmonson lived on the property with her grandmother until her marriage, which occurred before the death of Frankie Hurdle. Since that time, she has resided in south Louisiana. After Frankie Hurdle's death, Mrs. Edmonson assumed the responsibility of the funeral bill, applying rental money obtained from a tenant house on the property toward this bill, and also paying a portion of the bill herself.
The taxes on the property for 1940 were unpaid and a tax sale was held on June 14, 1941. Jane Davies purchased the property at the tax sale and a deed reflecting this purchase was recorded on June 25, 1941. Mrs. Edmonson testified that she learned of the tax sale, contacted the clerk of court for Caddo Parish, and made arrangements with the tax sale purchaser to redeem the property. By instrument dated July 21, 1941, A.V. Edmonson redeemed the property from Jane Davies.
Mrs. Edmonson bases her claim to sole ownership of the property on this deed, recognizing only an ownership interest in favor of her half-brother, Theron, Jr., by virtue of a deed from her to Theron, Jr. dated December 12, 1942, styled "Redemption Deed" and given to him by her free of charge. Also, Carlis Hurdle, son of Howard Hurdle, who has lived on the subject property since before Frankie Hurdle's death, bought five acres of the disputed property on October 22, 1982 from A.V. and Lawrence Edmonson by quit claim deed.
Since the tax redemption in 1941, A.V. Edmonson claims that her possession of the property has been evidenced by the execution of oil and gas mineral leases, hunting leases, rights of way, and the payment of property taxes.
The issue presented for our review is whether a co-owner redeeming property held in indivision may acquire his co-owners' interest in the property.
A.V. Edmonson places reliance for her claim to sole ownership upon LSA-C.C.P. Art. 3654 which delineates the requirements of proof of title in a concursus proceeding:
Art. 3654. Proof of title in action for declaratory judgment, concursus, expropriation, or similar proceeding
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
Edmonson asserts that she would be entitled to prevail in a possessory action and thus would be entitled to the proceeds derived *850 from oil and gas production on the property in question.
Where there is a disturbance of possession, the possessory action is available to a precarious possessor, such as a lessee or a depository, against anyone except the person for whom he possesses. LSA-C.C. Art. 3440.
In order to maintain a possessory action, a party must establish that he and his ancestors in title have possessed the property quietly and without interruption for more than a year prior to a disturbance unless evicted by force or fraud. LSA-C. C.P. Art. 3658. The type of possession required in a possessory action is identical to that required to commence the running of acquisitive prescription. Norton v. Addie, 337 So.2d 432 (La.1976); Faust v. Mitchell Energy Corporation, 437 So.2d 339 (La.App. 2d Cir.1983). A person must possess for himself, and as owner. LSA-C.C. Art. 3424; LSA-C.C.P. Art. 3660.
It is well settled that owners in indivision cannot acquire by prescription the right of their co-owners in and to property held in common. Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953). An exception to the foregoing rule is recognized in those instances wherein the adversely possessing co-owner demonstrates his intent to possess for himself by overt and unambiguous acts sufficient to give notice to his co-owners. LSA-C.C. Art. 3429. Under such circumstances, one owner in common may prescribe against a party owning in indivision with him provided such possession be clearly hostile and notice be given thereof. Lee v. Jones, supra; Towles v. Heirs of Morrison, 428 So.2d 1029 (La.App. 1st Cir. 1983); Minton v. Whitworth, 393 So.2d 294 (La.App. 1st Cir.1980). Additionally, it has been held that mere occupancy, use, payment of taxes and similar acts of possession will not suffice to constitute notice of adverse possession to an owner in common. Hodegeson v. McDaniel, 233 La. 180, 96 So.2d 481 (1957); Alba v. Smith, 228 La. 207, 81 So.2d 863 (1955). Lee v. Jones, supra.
In Atlantic Refining Company v. Golson, 127 So.2d 341 (La.App. 2d Cir.1961), this court held that the adjudication to one of several joint owners of property at a tax sale does not divest the other co-owners of their interest in the property. The tax sale only operates as a payment of the taxes for the joint benefit of all of the co-owners, with the right on the part of the adjudicatee to be reimbursed the amount he paid. See also Hodgeson v. McDaniel, supra; Muff v. Algermissen, 198 So.2d 742 (La. App. 1st Cir.1967), writ denied, 250 La. 974, 200 So.2d 664 (1967). The court concluded in Atlantic Refining Company v. Golson, supra, that the co-owners cannot acquire a valid title to the remaining interest by means of a tax sale coupled with the mere passage of time, no matter what the duration thereof may be and that such co-owners can only be deprived of their title to such property under the equitable principles of latches and estoppel. This precept was expanded in British American Oil Producing Company v. Grizzaffi, 135 So.2d 559 (La.App. 1st Cir.1961). That court held that the purchase of one co-owner of the interest of another co-owner from the adjudicatee thereof at a tax sale, operates only as a tax redemption for the benefit of all owners in common.
Edmonson strenuously argues that Atlantic Refining and its progeny have been legislatively overruled by the later enactment of LSA-C.C.P. Art. 3654. We find her logic, however, to be unpersuasive. LSA-C.C.P. Art. 3654 simply provides the method for the trial court, presented with the issue of ownership of funds deposited in the registry of the court, to determine which claimant should prevail. Atlantic Refining does no violence to this statutory scheme. Atlantic Refining holds that a co-owner does not acquire his co-owner's interest in property by virtue of his redemption of the property at a tax sale coupled with the passage of time. Edmonson, a co-owner, simply could not prevail in a possessory action, one of the enumerated criterion under Art. 3654 for recovery, because her purchase from the tax sale adjudicatee *851 was not hostile to the interests of her co-owners and thus did not toll the prescriptive period. Atlantic Refining, supra. Since the type of possession required for a possessory action is that required to commence the running of acquisitive prescription, she is not entitled to recover the total amount of the proceeds at issue.
We find the Atlantic Refining decision to be dispositive. Following the rationale espoused by the Atlantic Refining and Grizzaffi decisions, Edmonson presumptively redeemed the property for the benefit of all of her co-owners. Thus, her act was not an act of possession adverse to her co-heirs and for her exclusive interest. Consequently, prescription was not triggered and she was not entitled to recover in a possessory action, a requirement of LSA-C.C.P. Art. 3654.
Edmonson further relies upon the cases of Harrell v. Harrell, 174 La. 957, 142 So. 138 (1932), and Holloway v. Holloway, 221 La. 875, 60 So.2d 468 (1952). These cases have no operation within the present factual context. In Harrell v. Harrell, the co-owner and tax purchaser opposed the claim that tax sale purchases made by him inured to the benefit of his co-heirs with a plea of estoppel founded upon laches and the long acquiescence of plaintiffs. The court sustained the plea of estoppel because of the long period of inaction by the co-owners, and because the property had been sold to third parties. Holloway v. Holloway, supra, and the later decision of Jones v. Jones, 240 La. 174, 121 So.2d 734 (1960), stand for the proposition that where a former co-owner purchases property at its market value after the expiration of the redemption period from a third person adjudicatee at a tax sale, who is neither an interposed party nor an agent of the co-owner, and there is no trust relationship, fraud, or collusion, such purchase does not inure to the benefit of the former co-owners. Jones was cited by this court with approval as late as 1977 in Cole v. Martin, 343 So.2d 334 (La.App. 2d Cir. 1977), writ denied, 345 So.2d 506 (La.1977).
In the instant case, Edmonson redeemed the property from Jane Davies within a month of her purchase at the tax sale. The redemptive period applicable at the time of this transfer was three years. See LSA-Const. Art. 10, § 11 (1921). Edmonson's purchase was clearly within the redemptive period, thus the Holloway and Jones holdings are of no avail to her.
According to the rationale of Atlantic Refining, her only remaining claim to the sole ownership of the property was one founded in equitable estoppel, which must be specifically pled and proven. LSA-C.C.P. Art. 1005. The pleadings filed on behalf of Edmonson in this matter are devoid of any such allegations, foreclosing to her that avenue of relief.
In conclusion, we hold that the claim of A.V. Edmonson to the sole ownership of the property was properly rejected. Accordingly, the judgment of the trial court is affirmed.
All costs of these proceedings are assessed against A.V. Edmonson.
AFFIRMED.
NOTES
[*] Lawrence A. Edmonson, husband of A.V. Edmonson, was also an original party to this litigation. He died during the pendency of these proceedings and A.V. Hurdle Edmonson, in her capacity as succession representative, was substituted as a party.